UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. RODRIGUEZ,<br><br>                Plaintiff,<br><br>         -against-<br><br>MORTON WILLIAMS; MORTON WILLIAMS, OWNER; FRANCISCO – LAST NAME UNKNOWN, SECURITY GUARD; UNKNOWN MANAGER ON DUTY ON 4-26-25 AT 8PM,<br><br>                Defendants. | 25-CV-3775 (KMW)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

KIMBA M. WOOD, United States District Judge:

       Plaintiff, appearing *pro se*, brings this action invoking the court's federal question jurisdiction and alleging that Defendant violated his civil rights. The Court construes the complaint as asserting federal constitutional claims under 42 U.S.C. § 1983. By order dated May 14, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 9.) For the reasons set forth below, the Court dismisses the complaint and grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against supermarket Morton Williams, its owner, a security guard employed at a Morton Williams store, and one of its managers. Plaintiff alleges that, on April 26, 2025, at the Morton Williams store located on East Kingsbridge Road in the Bronx, Plaintiff was falsely accused of shoplifting. Plaintiff was "detained illegally for about one hour and was accused of stealing or shoplifting even though [he] paid and had the receipt." (ECF 1, at

2

5.) "[W]hen the cameras were checked[,] it was verified that [Plaintiff] never stole anything." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

A Section 1983claim must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Private security guards are not generally state actors under Section 1983. *See Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) ("The acts of a store security guard generally do not constitute state action for purposes of section 1983."); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37-38 (E.D.N.Y. 2004) (collecting cases). While private security guards generally are not treated as state actors, some security guards are "'special patrolm[e]n' . . . appointed by the Commissioner of the [New York City Police Department], 'to do special duty at any place in the city,' and '[] possess the powers and discharge all the duties of the [police] force, applicable to regular members of the force.'" *Bishop*, 414 F. Supp. 2d at 396 (citing New York City Admin. Code § 14-106(c)).

Here, Morton Williams, its owner, and its manager are private parties who Plaintiff does not allege to work for any state or other government body. Plaintiff also does not allege any

3

facts suggesting that the defendant security guard has been appointed as a "special patrolman" by the Commissioner of the New York City Police Department. *See Bishop*, 414 F. Supp. 2d at 396.

Because Plaintiff does not allege that Defendants are state actors for purposes of Section 1983, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that alleges facts suggesting that his rights were violated by a state actor. If Plaintiff files an amended complaint, he should also allege facts showing how each named defendant was involved in the events giving rise to his claims. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

**B.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant self-represented plaintiffs an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int.'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend his complaint to allege facts suggesting that his federal constitutional rights were violated by a state actor as outlined above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead within 30 days from the date of this order.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  June 25, 2025
        New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge