UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE A. RODRIGUEZ,

            Plaintiff,

-against-

MORTON WILLIAMS; MORTON WILLIAMS, OWNER; FRANCISCO – LAST NAME UNKNOWN, SECURITY GUARD; UNKNOWN MANAGER ON DUTY ON 4-26-25 AT 8PM,

            Defendants.

25-CV-3775 (KMW)

SECOND ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated June 25, 2025, the Court dismissed the complaint, and granted Plaintiff leave to replead his claims in an amended complaint in order to address the deficiencies in his original pleading. (ECF 5.) Plaintiff filed an amended complaint on July 21, 2025. The Court dismisses Plaintiff's amended complaint for the reasons set forth below.

### BACKGROUND

    In the original complaint, Plaintiff invoked the court's federal question jurisdiction, and alleged that Defendants –- a grocery store and its employees –- detained him and falsely accused him of shoplifting. By order dated June 25, 2025, the Court liberally construed the complaint as asserting federal constitutional claims under 42 U.S.C. § 1983, and dismissed the complaint because Defendants are all private parties and Plaintiff did not allege that Defendants work for

any state or other government body.[1]  The Court granted Plaintiff leave to replead his claims in an amended complaint that alleges facts suggesting that his rights were violated by a state actor.

Plaintiff filed an amended complaint on July 21, 2025.  The following facts are drawn from the amended complaint, which is substantially similar to the original complaint.[2]  On April 26, 2025, Plaintiff was detained and accused of shoplifting at a Morton Williams store in the Bronx.  The store's "unlicensed security guard" lacked probable cause to believe Plaintiff was shoplifting and "used excessive force" to search Plaintiff's bag.  (ECF 6, at 5.)  When Plaintiff provided proof that he paid for the items at another store, the items that Plaintiff was accused of stealing were returned to him.  Plaintiff also asserts that Defendants caused him "severe emotions distress" and called him a "thief in front of the public."  (*Id.* at 6.)

## DISCUSSION

**A.    Claims under federal law**

The Court dismisses Plaintiff's federal constitutional claims for false arrest and excessive force for the same reason it dismissed those claims in Plaintiff's original complaint.  Private parties are generally not liable under Section 1983.  *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").  Private security guards are not generally state actors under Section 1983.  *See Bishop v. Toys "R" Us-NY LLC*,

---

[1] The Court also declined to exercise supplemental jurisdiction over any state law claims Plaintiff may have been asserting.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) ("The acts of a store security guard generally do not constitute state action for purposes of section 1983."); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37-38 (E.D.N.Y. 2004) (collecting cases). While private security guards generally are not treated as state actors, some security guards are "'special patrolm[e]n' . . . appointed by the Commissioner of the [New York City Police Department], 'to do special duty at any place in the city,' and '[] possess the powers and discharge all the duties of the [police] force, applicable to regular members of the force.'" *Bishop*, 414 F. Supp. 2d at 396 (citing New York City Admin. Code § 14-106(c)).

Here, Morton Williams, its owner, and its manager are all private parties who Plaintiff does not allege work for any state or other governmental body. Plaintiff does not allege any facts suggesting that the security guard whom he alleged detained him has been appointed as a "special patrolman" by the Commissioner of the New York City Police Department. *See Bishop*, 414 F. Supp. 2d at 396. Because Plaintiff does not allege that Defendants are state actors for purposes of Section 1983, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

Plaintiff also attempts to assert claims for intentional infliction of emotional distress and defamation. These claims, and any other tort claims Plaintiff may be asserting against the private plaintiffs, arise under state law. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."[3] 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped

---

[3] State law claims can also be brought in federal court under the court's diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a

out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.     Further leave to amend is denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been given an opportunity to amend, and nothing in the amended complaint suggests that the defects in his pleadings could be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

"reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The Court lacks diversity jurisdiction over Plaintiff's state law claims because he does not allege facts demonstrating that the parties are diverse or that his claims are worth more than the $75,000 jurisdictional minimum.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Nothing in this Order limits Plaintiff's right to seek any relief to which he may be entitled in state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   September 3, 2025
         New York, New York

                                          /s/ Kimba M. Wood
                                          KIMBA M. WOOD
                                          United States District Judge